**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTEO TEXCA, JORGE DELGADO, | ) | |
| EUSEBIO RODRIGUEZ, PEDRO RODRIGUEZ, | ) | |
| JESUS RANGEL, NOE RANGEL, and | ) | |
| CRESCENCIO RANGEL, | ) | Case No. |
| | ) | |
| Plaintiffs, | ) | Judge |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | |
| DONALD E. MILLER d/b/a MILLER | ) | |
| PAINTING & DECORATING, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs Timoteo Texca, Jorge Delgado, Eusebio Rodriguez, Pedro Rodriguez, Jesus Rangel, Noe Rangel, and Crescencio Rangel (collectively "Plaintiffs"), by and through their attorneys, for their Complaint against Defendant Donald E. Miller d/b/a Miller Painting & Decorating state as follows:

**INTRODUCTION**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), and the Illinois Employee Classification Act, 820 ILCS 185/1 *et seq.* ("ECA"), for Defendant's: (1) failure to pay Plaintiffs minimum wages for all time worked in individual workweeks in violation of the FLSA and the IMWL; (2) failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual workweeks in violation of the FLSA and the IMWL; (3) failure to pay Plaintiffs

earned wages for all time worked at the rate agreed upon by the parties in violation of the IWPCA; and (4) misclassification of Plaintiffs as "independent contractors" in violation of the ECA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district because the events giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

**A.     Plaintiffs**

4.      During the course of his employment, Plaintiff Timoteo Texca:

      a.      has handled goods that move in interstate commerce;

      b.      was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), the IWPCA, 820 ILCS 115/2, and the ECA, 820 ILCS 185/10;

      c.      resides in and is domiciled in this judicial district.

5.      During the course of his employment, Plaintiff Jorge Delgado:

      a.      has handled goods that move in interstate commerce;

      b.      was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), the IWPCA, 820 ILCS 115/2, and the ECA, 820 ILCS 185/10;

      c.      resides in and is domiciled in this judicial district.

6.      During the course of his employment, Plaintiff Eusebio Rodriguez:

2

    a.    has handled goods that move in interstate commerce;

    b.    was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), the IWPCA, 820 ILCS 115/2, and the ECA, 820 ILCS 185/10;

    c.    resides in and is domiciled in this judicial district.

7.    During the course of his employment, Plaintiff Pedro Rodriguez:

    a.    has handled goods that move in interstate commerce;

    b.    was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), the IWPCA, 820 ILCS 115/2, and the ECA, 820 ILCS 185/10;

    c.    resides in and is domiciled in this judicial district.

8.    During the course of his employment, Plaintiff Jesus Rangel:

    a.    has handled goods that move in interstate commerce;

    b.    was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), the IWPCA, 820 ILCS 115/2, and the ECA, 820 ILCS 185/10;

    c.    resides in and is domiciled in this judicial district.

9.    During the course of his employment, Plaintiff Noe Rangel:

    a.    has handled goods that move in interstate commerce;

    b.    was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), the IWPCA, 820 ILCS 115/2, and the ECA, 820 ILCS 185/10;

    c.    resides in and is domiciled in this judicial district.

10.     During the course of his employment, Plaintiff Crescencio Rangel:

    a.      has handled goods that move in interstate commerce;

    b.      was employed by Defendants as an "employee" within the meaning of the
            FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), the IWPCA,
            820 ILCS 115/2, and the ECA, 820 ILCS 185/10;

    c.      resides in and is domiciled in this judicial district.

**B.     Defendant**

11.     Within the relevant time period, Defendant Donald E. Miller d/b/a Miller
Decorating & Painting:

    a.      has been a sole proprietor doing business as Miller Painting & Decorating
            in Illinois and within this judicial district;

    b.      has conducted business in Illinois and within this judicial district;

    c.      has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29
            U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the
            production of goods for commerce, within the meaning of Section
            3(s)(1)(A) of the FLSA;

    d.      among other things, Defendant Donald E. Miller had the authority to hire
            and fire, to direct and supervise the work of Plaintiffs, to authorize payment
            of wages to Plaintiffs, to sign on the business' checking accounts, including
            any payroll account, and to participate in any decisions regarding the
            operation of the business and employment policies and practices;

    e.      has had two (2) or more employees who have handled goods that moved in
            interstate commerce; and

4

f.      was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS 115/2, and the ECA, 820 ILCS 185/10.

## FACTUAL BACKGROUND

12.     Since approximately May 2014 until approximately September 2014, Plaintiffs were employed by Defendant to work as painters for Defendant's construction company.

13.     Throughout their employment, Defendant had a policy and practice of misclassifying Plaintiffs as independent contractors in order to avoid paying Plaintiffs their earned wages, including overtime and minimum wages.

14.     As part of that policy and practice, Defendant provided Plaintiffs with the information and required Plaintiffs to complete paperwork to establish their own business under the premise that this paperwork was required in order to receive their earned wages.

15.     Prior to and after their employment with Defendant, Plaintiffs did not own or operate their own business, and prior to and after their employment with Defendant, Plaintiffs did not work under their own business.

16.     Throughout their employment, Defendant substantially controlled Plaintiffs' work. For example, Defendant determined Plaintiffs' work schedule, supervised Plaintiffs' work at each job location, provided Plaintiffs with materials to complete each job, and told Plaintiffs when they could leave a job site or if they could work passed their scheduled stop time.

17.     Throughout their employment with Defendant, Plaintiffs were paid at an agreed-upon hourly rate by payroll check on a weekly basis.

18.     Throughout their employment with Defendant, Defendant regularly and customarily required Plaintiff Texca and Plaintiff Delgado to work in excess of forty (40) hours in

5

individual workweeks, but did not compensate them at one and a half times their regular rate of pay for time worked in excess of forty (40) hours in individual workweeks.

19.     Defendant instead paid Plaintiff Texca and Plaintiff Delgado at straight time for all time worked.

20.     Defendant's failure to compensate Plaintiff Texca and Plaintiff Delgado at one and a half times their regular rate of pay resulted in violations of the overtime requirements of the FLSA and the IMWL.

21.     Throughout Plaintiffs' employment with Defendant, Plaintiffs and Defendant had an agreement in which Defendant would pay each Plaintiff at an agreed-upon hourly rate for all time worked.

22.     Defendant, however, did not compensate Plaintiffs at the agreed-upon hourly rate for all time worked.

23.     For between approximately the last two to five weeks of Plaintiffs' employment, Defendant either provided Plaintiffs with a payroll check that was returned for insufficient funds or did not compensate Plaintiffs at all for all hours worked.

24.     Due to Defendant's failure to compensate Plaintiffs for all time worked during these last weeks of employment, Plaintiffs' hourly rate fell below the federal and state mandated minimum wage, resulting in violations of the minimum wage requirements of the FLSA and the IMWL.

25.     Additionally, Defendant's failure to compensate Plaintiffs at the agreed-upon hourly rate for all time worked resulted in violations of the IWPCA.

**COUNT I**
**Violation of the FLSA – Minimum Wages**
*All Named Plaintiffs*

Plaintiffs hereby incorporates and re-alleges paragraphs 1 through 25 as though set forth herein.

26.     This Count arises from Defendant's violation of the FLSA for Defendant's failure to pay Plaintiffs the federally-mandated minimum wage for all time worked, as described more fully in paragraphs 21-24, *supra.*

27.     Defendant directed Plaintiffs to work, and, in fact, Plaintiffs did work, but were not compensated the federally-mandated minimum wage for all time worked in certain individual workweeks.

28.     Plaintiffs were not exempt from the minimum wage provisions of the FLSA.

29.     Plaintiffs were entitled to be paid the federally-mandated minimum wage for all hours worked.

30.     Defendant did not pay Plaintiffs the federally-mandated minimum wage for all hours worked in certain individual workweeks.

31.     Defendant's failure to pay Plaintiffs the federally-mandated minimum wage for all hours worked in certain individual workweeks was a violation of the FLSA.

32.     Plaintiff is entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay at least the federally-mandated minimum wage rate was a willful violation of the FLSA.

WHEREFORE, Plaintiffs pray for a judgment in their favor and against Defendant as follows:

A.     A judgment in the amount of unpaid minimum wages for all hours worked in certain individual workweeks as provided by the FLSA;

B.      Liquidated damages in the amount equal to the amount of unpaid minimum wages;

C.      That the Court declare that Defendant violated the FLSA;

D.      That the Court enjoin Defendant from violating the FLSA;

E.      Reasonable attorneys' fees and costs of this action as provided by the FLSA, 29 U.S.C. § 216(b); and

F.      Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the IMWL – Minimum Wages**
***All Named Plaintiffs***

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 32 as though set forth herein.

33.      This Count arises from Defendant's violation of the IMWL for Defendant's failure to pay Plaintiffs at least the Illinois-mandated minimum wage for all time worked, as described more fully in paragraphs 21-24, *supra.*

34.      Defendant directed Plaintiffs to work, and, in fact, Plaintiffs did work, but were not compensated at least the Illinois-mandated minimum wage for all time worked in certain individual workweeks.

35.      Plaintiffs were not exempt from the minimum wage provisions of the IMWL.

36.      Plaintiffs were entitled to be paid at least the Illinois-mandated minimum wage for all hours worked.

37.      Defendant did not pay Plaintiffs at least the Illinois-mandated minimum wage for all hours worked in certain individual workweeks.

38.      Defendant's failure to pay Plaintiffs at least the Illinois-mandated minimum wage for all hours worked in certain individual workweeks was a violation of the IMWL.

39.     Plaintiffs are entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay at least the Illinois-mandated minimum wage rate was a willful violation of the IMWL.

WHEREFORE, Plaintiffs pray for a judgment in their favor and against Defendant as follows:

A.      A judgment in the amount of unpaid minimum wages for all hours worked in certain individual workweeks as provided by the IMWL;

B.      Statutory damages of 2% of the amount of unpaid minimum wages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      That the Court declare that Defendant violated the IMWL;

D.      That the Court enjoin Defendant from violating the IMWL;

E.      Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/12(a); and

F.      Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the FLSA – Overtime Wages
### *Plaintiffs Texca and Delgado*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 39 as though set forth herein.

40.     This Count arises from Defendant's violation of the FLSA for Defendant's failure to pay Plaintiff Texca and Plaintiff Delgado one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks, as described more fully in paragraphs 18-20, *supra.*

41.     Defendant directed Plaintiff Texca and Plaintiff Delgado to work, and Plaintiff Texca and Plaintiff Delgado, in fact, did work in excess of forty (40) hours in individual workweeks.

42.     Plaintiff Texca and Plaintiff Delgado were not exempt from the overtime provisions of the FLSA.

43.     Plaintiff Texca and Plaintiff Delgado were entitled to be paid overtime wages at the premium rate of one and a half times their regular hourly rate for all time worked in excess of forty (40) hours in individual workweeks.

44.     Defendant did not pay Plaintiff Texca and Plaintiff Delgado overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

45.     Defendant's failure to pay Plaintiff Texca and Plaintiff Delgado their overtime wages for all time worked in excess of forty (40) hours worked in individual workweeks was a violation of the FLSA.

46.     Plaintiff Texca and Plaintiff Delgado are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per workweek was a willful violation of the FLSA.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A.     A judgment in the amount of unpaid overtime wages for all time Plaintiffs worked in excess of forty (40) hours in individual workweeks;

B.     Liquidated damages in the amount equal to the unpaid overtime wages;

C.     That the Court declare that Defendant violated the FLSA;

D.     That the Court enjoin Defendant from violating the FLSA;

E.     Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the IMWL – Overtime Wages
### *Plaintiffs Texca and Delgado*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 46 as though set forth herein.

47.      This Count arises from Defendant's violation of the IMWL for Defendant's failure to pay Plaintiff Texca and Plaintiff Delgado overtime wages for all time worked in excess of forty (40) hours in individual workweeks, as described more fully in paragraphs 18-20, *supra.*

48.      Defendant directed Plaintiff Texca and Plaintiff Delgado to work, and Plaintiff Texca and Plaintiff Delgado did, in fact, work in excess of forty (40) hours in individual workweeks in the three (3) years prior to Plaintiffs filing this lawsuit.

49.      Plaintiff Texca and Plaintiff Delgado were not exempt from the overtime provisions of the IMWL.

50.      Plaintiff Texca and Plaintiff Delgado were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

51.      Defendant did not pay Plaintiff Texca and Plaintiff Delgado overtime wages at the premium rate of one and a half times their regularly hourly rate for all time worked in excess of forty (40) hours in individual workweeks.

52.      Defendant's failure to pay Plaintiff Texca and Plaintiff Delgado overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the IMWL.

53.      Pursuant to 820 ICS 105/12(a), Plaintiff Texca and Plaintiff Delgado are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment in this case.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A.      A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs in excess of forty (40) hours in individual workweeks as provided by the IMWL;

B.      Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      That the Court declare that Defendant has violated the IMWL;

D.      That the Court enjoin Defendant from continuing to violate the IMWL;

E.      Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

F.      Such other and further relief as this Court deems appropriate.

## COUNT V
### Violation of the IWPCA – Earned Wages
### *All Named Plaintiffs*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 53 as though set forth herein.

54.      This Count arises from Defendant's violation of the IWPCA for Defendant's failure to pay Plaintiffs their earned wages for all time worked at the rate agreed to by the parties, as described more fully in paragraphs 21-23, 25, *supra.*

55.      During the course of Plaintiffs' employment with Defendant, the parties had an agreement that Defendant would compensate Plaintiffs at the agreed-upon rates for all time worked.

56.      Defendant did not compensate Plaintiffs at the agreed-upon rate for all time worked.

57.      Pursuant to the IWPCA, Plaintiffs were entitled to be paid for all time worked at the rate agreed-upon by the parties.

58.      Defendant's failure to compensate Plaintiffs for all time worked at the rate agreed-upon by the parties was a violation of the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A.      A judgment in the amount of unpaid earned wages for all time worked by Plaintiffs as provided by the IWPCA;

B.      Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 115/12(a);

C.      That the Court declare that Defendant has violated the IWPCA;

D.      That the Court enjoin Defendant from continuing to violate the IWPCA;

E.      Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/1 *et seq.*; and

F.      Such other and further relief as this Court deems appropriate.

## COUNT VI
## Violation of the ECA – Earned Wages and Employment Benefits
### *All Named Plaintiffs*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 58 as though set forth herein.

59.     This Count arises from Defendant's violation of the ECA for Defendant's failure to: (1) properly classify Plaintiffs as "employees;" (2) pay Plaintiffs their earned wages as required by the IMWL; (3) pay Plaintiffs at least the minimum wage rate as required by the IMWL; (4) pay Plaintiffs the overtime rate as required by the IMWL; (5) pay unemployment insurance on behalf of Plaintiffs as required by Illinois law; and (6) provide worker's compensation insurance coverage to Plaintiffs as required by Illinois law, as described more fully in paragraphs 12-17, *supra.*

60.     During the course of Plaintiffs' employment with Defendant, Defendant employed Plaintiffs in "construction" as defined by the ECA, 820 ILCS 185/5.

61.     During the course of Plaintiffs' employment with Defendant, Plaintiffs were to be deemed "employees" of Defendant, as provided by the ECA, 820 ILCS 185/10(b), since: (1) Defendant controlled and directed Plaintiffs' performance of the painting services they provided; (2) Plaintiffs' painting services were within the usual course of services performed by Defendant;

and (3) Plaintiffs were not engaged in an independently established trade, occupation, profession, or business.

62.     During the course of Plaintiffs' employment with Defendant, Plaintiffs were to be deemed "employees" of Defendant, as provided by the ECA, 820 ILCS 185/10(b), since Plaintiffs were not legitimate sole proprietors or partnerships under 820 ILCS 185/10(c).

63.     During the course of Plaintiffs' employment with Defendant, Defendant classified and treated Plaintiffs as independent contractors in that, among other things, Defendant failed to comply with the requirements of the IMWL and the IWPCA as described in Counts II, IV, V, *supra.*, failed to pay unemployment benefits on behalf of Plaintiffs as required by Illinois law, failed to provide worker's compensation insurance coverage for Plaintiffs as required by Illinois law, and failed to provide Plaintiffs with other employment benefits due to them.

64.     Defendant's failure to properly classify Plaintiffs as "employees" and failure to pay Plaintiffs the required minimum wages, overtime wages, and other earned wages pursuant to the IMWL and the IWPCA violated the ECA.

65.     Pursuant to 820 ILCS 185/60, Plaintiffs are entitled to recover all unpaid minimum wages, overtime wages, and earned wages for the three (3) years prior to the filing of this Complaint.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A.      A judgment in the amount of all unpaid minimum wages, overtime wages, and earned wages due under the IMWL and the IWPCA, as set forth more fully in Count II, IV, and V of the Complaint;

B.      Liquidated damages as provided for by the ECA, 820 ILCS 185/60(a)(1), in an amount equal to the amount of unpaid minimum wages, overtime wages, and earned wages as provided for by the IMWL and the IWPCA;

C.      Compensatory damages as provided for by the ECA, 820 ILCS 185/60(a)(2);

D.      Statutory damages in the amount of up to $500 for each violation of the ECA, 820 ILCS 185/60(a)(2);

E.      Reasonable attorneys' fees and costs of this action as provided for by the ECA, 820 ILCS 185/60; and

F.      Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: June 26, 2015

s/Lydia Colunga-Merchant
Lydia Colunga-Merchant
Yolanda Carrillo
Raise the Floor Alliance – Legal Dept.
1 N. LaSalle, Suite 1275
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs